UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on March 13, 2025

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 25-MJ-232** |
| | : | |
| **AVERY RICARDO ROBINSON III,** | : | **VIOLATIONS:** |
| | : | |
| Defendant. | : | 18 U.S.C. § 2119(1) |
| | : | (Carjacking) |
| | : | |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence) |
| | : | |
| | : | **FORFEITURE:** |
| | : | 18 U.S.C. §§ 924(d) and 982(a)(5); |
| | : | 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about September 20, 2025, within the District of Columbia, **AVERY RICARDO ROBINSON III** took a motor vehicle, that is, a 2017 Nissan Altima bearing VIN 1N4AL3AP6HC243434, that had been transported, shipped, and received in interstate and foreign commerce, from the person and presence of N.H., by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

(**Carjacking**, in violation of 18 U.S.C. § 2119(1))

## COUNT TWO

On or about September 20, 2025, within the District of Columbia, **AVERY RICARDO ROBINSON III**, did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count One of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of 18 U.S.C. § 924(c)(1)(A)(ii))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense listed in Count One of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the offense, pursuant to 18 U.S.C. § 982(a)(5) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. Upon conviction of the offense listed in Count Two of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a black Taurus Millennium G2 9-millimeter handgun bearing serial number TIX27077 and 9-millimeter ammunition.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to 18 U.S.C. §§ 924(d) and 982(a)(5); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO  
United States Attorney

*/s/ Gauri Gopal*

GAURI GOPAL  
Assistant United States Attorney

A TRUE BILL:

FOREPERSON.